JAMES F. CLAPP (145814)
jclapp@clapplegal.com
MARITA MURPHY LAUINGER (199242)
mlauinger@clapplegal.com
CLAPP & LAUINGER LLP
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel: 760-209-6565 ext. 101
Fax: 760-209-6565

Attorneys for Plaintiff
AMY WYNNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMY WYNNE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPISOURCE LLC,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br>Jury demanded |

Plaintiff Amy Wynne ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following class action claims against defendant Episource LLC ("Episource" or "Defendant").

## I. INTRODUCTION

1. Plaintiff brings this class action against Episource for its failure to adequately secure and protect the personally identifiable information ("PII") and protected health information ("PHI") of Plaintiff and other similarly situated individuals, including names, addresses, phone numbers, email addresses, health insurance data (such as health plans/policies, insurance companies, member/group ID numbers, and Medicaid-Medicare-government payor ID numbers), health data (including medical record numbers, doctors,

1

CLASS ACTION COMPLAINT

diagnoses, medicines, test results, images, care, and treatment), dates of birth, and in some cases social security numbers (collectively, the "Private Information"), from unauthorized access by cybercriminals.

2. Episource, headquartered in Gardena, California, provides risk adjustment services, software, and solutions to health plans and provider groups nationwide.

3. On or about June 6, 2025, Episource sent data breach notification letters (the "Notice") to individuals, including Plaintiff, whose Private Information was compromised in a hacking incident. According to the Notice, Episource detected suspicious activity in its computer systems on or around February 6, 2025, and subsequent investigation confirmed that an unauthorized party accessed certain files containing Private Information between January 27, 2025, and February 6, 2025 (the "Data Breach"). Episource delayed notifying affected individuals and Clients for approximately four months.

4. Due to this delayed notification, Plaintiff and the Class Members (defined below) were unaware for four months that their Private Information had been exposed, leaving them vulnerable to identity theft and other harms, a risk that persists indefinitely.

5. The Private Information compromised in the Data Breach included highly sensitive data, which are highly valuable to cybercriminals for committing fraud, including opening unauthorized financial accounts, obtaining loans, or accessing medical services in victims' names.

6. Episource has not confirmed that all compromised data has been recovered or destroyed, nor has it demonstrated that its data security measures have been sufficiently improved to prevent future breaches.

7. As a result, Plaintiff and the Class Members face an ongoing, imminent risk of identity theft, fraud, and other harms, incurring losses such as

out-of-pocket expenses, time spent mitigating the breach's effects, and diminished value of their Private Information.

## II. PARTIES

8. Plaintiff Amy Wynne is, and at all relevant times was, an individual citizen of the State of California.

9. Defendant Episource, LLC is a California limited liability company with its principal place of business in Los Angeles County, California.

## III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), as the amount in controversy exceeds $5 million, exclusive of interest and costs, the proposed Class includes over 100 members, and minimal diversity exists because Plaintiff and many Class Members are citizens of different states than Episource.

11. This Court has personal jurisdiction over Episource because it is incorporated in California and maintains its principal place of business in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred here, and Episource has caused harm to Class Members residing in this District.

## IV. FACTUAL ALLEGATIONS

**A. Episource's Business and Collection of Private Information**

13. Episource provides medical coding and risk adjustment services to healthcare payers and providers across the United States.

14. As part of its services, Episource requires Clients to provide highly sensitive Private Information about their patients, including Plaintiff and Class Members, which Episource collects and stores.

15. Episource's privacy policy represents that it maintains safeguards to protect the Private Information it collects, stating it employs administrative, technical, and physical measures tailored to the sensitivity of the data.

16. By collecting and storing Plaintiff's and the Class Members' Private Information, Episource assumed legal and equitable duties to protect it from unauthorized access, knowing the risks of failing to do so.

17. Plaintiff and the Class Members relied on Episource to safeguard their Private Information and provide timely notice of any breaches, expectations Episource failed to meet.

**B.     The Data Breach and Episource's Inadequate Response**

18. Episource's Notice disclosed that it identified unauthorized access to its systems on February 6, 2025, with the breach occurring between January 27, 2025, and February 6, 2025.

19. Episource delayed notification until June 6, 2025, approximately four months after discovering the breach, hindering Plaintiff's and Class Members' ability to mitigate risks.

20. The Notice lacked critical details, such as the breach's cause, exploited vulnerabilities, responsible parties, or remedial measures taken, leaving Plaintiff and Class Members uninformed about the scope and ongoing risks.

21. Episource offered only two years of credit monitoring, which is inadequate given the lifelong risks of identity theft and fraud resulting from the breach.

22. Episource had legal and contractual obligations to protect Private Information and provide prompt notice of breaches, which it failed to fulfill.

**C.     The Healthcare Sector's Vulnerability to Breaches**

23. Episource was aware that healthcare organizations are prime targets for cyberattacks due to the high value of PHI and PII.

CLASS ACTION COMPLAINT

24. The FBI warned in 2014 that healthcare systems were being targeted for PHI and PII, a risk reiterated by the American Medical Association in 2019.

25. Episource knew or should have known the importance of safeguarding Private Information and the severe consequences of failing to do so.

### D. Episource's Failure to Comply with HIPAA

26. Episource is a covered business under HIPAA and must comply with HIPAA's "Standards for Privacy of Individually Identifiable Health Information" and "Security Standards for the Protection of Electronic Protected Health Information. 45 C.F.R. Parts 160 and 164. Episource must also comply with the Health Information Technology Act ("HITECH"), 42 U.S.C. § 17921, 45 C.F.R. § 160.103.

27. Both HIPAA and HITECH require Episource to follow reasonable security standards, mitigate security risks, promptly respond to security incidents, and prevent the disclosure of Private Information.

28. Episource failed to comply with HIPAA and HITECH by not implementing adequate security measures, unreasonably delaying notification of affected individuals, and failing to prevent and promptly respond to the disclosure of Private Information.

### E. Episource's Failure to Comply with FTC Standards

29. The Federal Trade Commission (FTC) under Section 5 of the FTC Act, 15 U.S.C. § 45, prohibits unfair practices, including failing to use reasonable measures to protect consumer data.

30. FTC guidelines recommend encrypting sensitive data, limiting data retention, using intrusion detection systems, and monitoring network activity, which Episource failed to implement adequately.

31. Episource's failure to meet these standards constitutes an unfair practice under the FTC Act, contributing to the Data Breach.

**F.     Episource's Failure to Meet Industry Standards**

32. Industry standards, such as those from the Center for Internet Security and the National Institute of Standards and Technology recommend robust cybersecurity measures, including access controls, encryption, regular updates, and employee training.

33. Episource failed to meet these standards, neglecting to implement proper network monitoring, data encryption, or vulnerability management, which allowed the breach to occur.

**G.     Episource's Breach of Duty**

34. Episource owed a duty to Plaintiff and Class Members to safeguard their Private Information using reasonable security measures consistent with industry standards.

35. Episource breached this duty by failing to maintain adequate security systems, neglecting to monitor systems for intrusions, inadequately training employees on data security, failing to comply with FTC, HIPAA and HITECH requirements, and delaying breach detection and notification.

36. Had Episource implemented proper security measures, the Data Breach could have been prevented, sparing Plaintiff and Class Members from harm.

**H.     Increased Risk of Fraud and Identity Theft**

37. The Data Breach exposed Plaintiff and Class Members to significant risks of fraud and identity theft, as cybercriminals can use the stolen data to commit various crimes.

38. Victims of data breaches face long-term risks, with stolen data potentially used years after the breach, as noted by the U.S. Government Accountability Office.

6

CLASS ACTION COMPLAINT

39. PHI is particularly valuable, fetching several hundred dollars per record on the dark web, and can be used for medical fraud, fake insurance claims, or to exploit victims' medical conditions.

40. Medical identity theft can lead to erroneous medical records, misdiagnoses, and financial losses, with significant impacts on victims' lives.

### I. Plaintiff's Damages

41. One of Episource's clients provided Episource with Plaintiff's Private Information as part of their business relationship.

42. On or about June 16, 2025, Plaintiff received the Notice, informing her that her Private Information was compromised in the Data Breach.

43. The two years of credit monitoring offered by Episource is insufficient given the lifelong risks Plaintiff now faces.

44. Plaintiff has experienced anxiety and distress due to the exposure of her Private Information, fearing unauthorized use for fraud or identity theft.

45. Plaintiff would not have permitted her Private Information to be shared with Episource had she known of its inadequate security practices.

46. Plaintiff suffered concrete harm, including diminished value of her Private Information, violation of her privacy, increased risk of future fraud and identity theft, and time to mitigate the breach's effects.

47. Plaintiff has an ongoing interest in ensuring her Private Information, still held by Episource, is protected from future breaches.

### J. Class Members' Damages

48. Class Members entrusted their Private Information to Episource's clients, expecting it to be safeguarded, but it was compromised due to Episource's inadequate security.

49. Class Members face ongoing risks of fraud, including unauthorized accounts, loans, and medical services in their names.

50.     Class Members have spent and will incur costs to mitigate the breach, such as placing credit freezes, monitoring accounts, and purchasing identity protection services.

51.     The Class Members' Private Information has diminished in value, as it is now accessible to cybercriminals.

## V. CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on behalf of herself and all others similarly situated under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3). Plaintiff proposes the following Classes:

> <u>Nationwide Class</u>: All individuals in the United States whose Private Information was compromised in the Data Breach, including those who received a notice of the Data Breach.
>
> <u>California Subclass</u>: All individuals residing in the State of California whose Private Information was compromised in the Data Breach, including those who received a notice of the Data Breach.

53.     Excluded from the Classes are Episource, its affiliates, officers, directors, employees, representatives, successors, assigns, any attorney of record in this matter, and any judge assigned to this case and their immediate family.

54.     <u>Numerosity</u>: The Classes include tens of thousands of individuals, making joinder impracticable. Class Members can be identified through Episource's records and notice recipients.

55.     <u>Commonality</u>: Common questions of law and fact include: (1) whether Episource failed to safeguard Private Information; (2) whether Episource violated HIPAA, the FTC Act, or California laws (for the California Subclass); (3) whether Episource's security measures were adequate; (4) whether Episource provided timely notice of the Data Breach; and (5) the appropriate remedies for Episource's conduct.

56. <u>Typicality</u>: Plaintiff's claims are typical of the Classes, as her Private Information was compromised in the same Data Breach, and she advances the same legal theories.

57. <u>Adequacy</u>: Plaintiff will fairly represent the Classes, and her counsel is experienced in class actions and privacy litigation.

58. <u>Predominance and Superiority</u>: Common issues predominate, and a class action is superior to individual actions, conserving resources and ensuring consistent outcomes.

## VI. CLAIMS FOR RELIEF

## COUNT I: NEGLIGENCE

### (On Behalf of the Nationwide Class)

59. Plaintiff incorporates the preceding paragraphs by reference.

60. Episource had a duty to exercise reasonable care in safeguarding Plaintiff's and Class Members' Private Information. This duty arose from industry standards, and statutory authority such as the FTC Act, HIPAA, and HITECH.

61. Episource knew or should have known of the importance of adequate data security and the risk that hackers might try to access the Private Information in Episource's possession.

62. Episource breached its duty of failing to implement adequate security measures, monitor systems, and provide timely notice of the Data Breach.

63. Episource's breach of duty caused Plaintiff and Class Members to suffer damages, including increased risk of fraud, time spent mitigating harms, and diminished value of their Private Information.

64. Plaintiff and Class Members seek damages and injunctive relief, including enhanced security measures and lifetime credit monitoring.

CLASS ACTION COMPLAINT

## COUNT II: UNJUST ENRICHMENT

**(On Behalf of the Nationwide Class)**

65. Plaintiff incorporates the preceding paragraphs by reference.

66. Plaintiff and the Class Members conferred a benefit on Episource through payments for services that included cybersecurity, which Episource failed to provide. Episource also benefited from the receipt of Private Information, which Episource used in order to provide services to Plaintiff and the Class Members

67. Episource's retention of these benefits is unjust, as it did not protect the Private Information. Plaintiff and Class Members seek restitution and disgorgement of Episource's profits.

## COUNT III: BREACH OF IMPLIED CONTRACT

**(On Behalf of the Nationwide Class)**

68. Plaintiff incorporates the preceding paragraphs by reference.

69. Plaintiff and the Class Members, on the one hand, and Episource, on the other, entered into an implied contract whereby Plaintiff and the Class Members agreed to provide their Private Information to Episource and its clients and, in exchange, Episource would protect the confidentiality of that Private Information.

70. In entering into this implied contract, Plaintiff and the Class Members reasonably expected that Episource would follow applicable laws and standards regulating the protection of Private Information. Plaintiff and the Class Members would not have provided their Private Information to Episource absent Episource's implied promise to follow applicable laws and standards.

71. Episource breached the implied contract by failing to follow applicable data protection laws and standards and by allowing the Private Information to be disclosed to cybercriminals.

72. As a result of Episource's breach, Plaintiff and the Class Members suffered harm in the form of diminished value of their Private Information, invasion of privacy, time to mitigate the adverse effects of the unauthorized disclosure, increased risk of identity theft, and the risk that their Private Information, which remains in Episource's possession, might be disclosed again.

## COUNT IV: CALIFORNIA UNFAIR COMPETITION LAW
### (On Behalf of the California Subclass)

73. Plaintiff incorporates the preceding paragraphs by reference.

74. Episource is a "person" under Cal. Bus. & Prof. Code § 17201.

75. Defendant violated the UCL by engaging in unlawful, unfair, and deceptive business practices, including: (1) failing to implement reasonable security measures to protect Private Information, causing the Data Breach; (2) failing to remediate known security risks; (3) violating the FTC Act, 15 U.S.C. § 45; (4) violating California's Consumer Records Act, Cal. Civ. Code §§ 1798.80 et seq; (5) violating California's Consumer Privacy Act, Cal. Civ. Code § 1798.100.

76. These acts of unfair competition caused Plaintiff and the California Subclass to suffer damages, including fraud risks, time and expenses monitoring accounts, and loss of Private Information value. Plaintiff seeks restitution, declaratory relief, injunctive relief, and attorneys' fees under Cal. Code Civ. Proc. § 1021.5.

## COUNT V: CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT
### Cal. Civ. Code §§ 56 *et seq*.
### (On Behalf of Plaintiff and the California Subclass)

77. Plaintiff incorporates the preceding paragraphs by reference.

CLASS ACTION COMPLAINT

78. Plaintiff and the California Subclass are "patients" under Cal. Civ. Code § 56.05(m), and Episource is a "provider of health care" under Cal. Civ. Code § 56.06, subject to the CMIA.

79. Episource disclosed "medical information" under Cal. Civ. Code § 56.05(j) to unauthorized parties without consent, violating Cal. Civ. Code § 56.10(a). Episource also negligently maintained and stored medical information, allowing unauthorized access, violating Cal. Civ. Code §§ 56.06 and 56.101.

80. Plaintiff and the California Subclass suffered damages, including increased fraud risks, privacy invasion, and monitoring costs. Plaintiff seeks actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorneys' fees under Cal. Civ. Code §§ 56.35 and 56.36.

## PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

1. Monetary relief, including damages, restitution, and disgorgement;
2. Injunctive relief to protect Class Members' interests;
3. Costs, attorneys' fees, and prejudgment interest;
4. Other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all matters so triable.

Respectfully submitted,

Dated: June 17, 2025        CLAPP & LAUINGER LLP

*/s/*
JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiff
AMY WYNNE